1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10
11   STEVEN F. SUBLETT *et al.*,            )        Civil No. 11cv185-L(WMC)
                                            )
12                          Plaintiffs,     )        **ORDER REMANDING ACTION TO**
                                            )        **STATE COURT**
13   v.                                     )
                                            )
14   NDEX WEST, LLC, *et al.*,              )
                                            )
15                          Defendants.     )
     ─────────────────────────────────────  )

16

17        On January 28, 2011 Wells Fargo Bank, N.A. ("Wells Fargo Bank") filed a notice of

18   removal, removing this mortgage foreclosure action from State court.  The notice of removal is

19   based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

20        "Federal courts are courts of limited jurisdiction.  They possess only that power

21   authorized by Constitution or a statute, which is not to be expanded by judicial decree.  It is to be

22   presumed that a cause lies outside this limited jurisdiction and the burden of establishing the

23   contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*,

24   511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684

25   (9th Cir. 2006).

26        "Except as otherwise expressly provided by Act of Congress, any civil action brought in a

27   State court of which the district courts of the United States have original jurisdiction, may be

28   removed by the defendant or the defendants, to the district court of the United States for the

district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).
Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed
against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed "'[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

The removing party in this case is Wells Fargo Bank N.A. Wells Fargo Bank N.A. is not a named Defendant.[1]  Pursuant to section 1441(a), only "the defendant or the defendants" have the right to remove an action from State to federal court. Accordingly, the notice of removal is rejected and the action is remanded to State court.

In the alternative, the action is remanded for failure to establish federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Wells Fargo Bank removed this action based on diversity jurisdiction under 28 U.S.C. Section 1332(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants,

---

[1]     The removing party is styled as "Wells Fargo Bank N.A. as successor by merger to Wells Fargo Home Mortgage, Inc. and America's Service Company, a division of Wells Fargo Home Mortgage, Inc. (erroneously sued as Wells Fargo Home Mortgage, Inc., doing business as America's Service Company)".  To the extent Wells Fargo Bank, N.A. intends to conduct this litigation in place of Wells Fargo Home Mortgage, Inc., it should be properly substituted or otherwise joined into the case.

1  and the amount in controversy exceeds $ 75,000.  28 U.S.C. §1332(a); *Caterpillar Inc. v. Lewis*,

2  519 U.S. 61, 68 (1996).

3          For Plaintiffs' citizenship Wells Fargo Bank relies entirely on the allegation of their

4  residency in the complaint.  (Notice at 3, Compl. at 1.)  However, an individual is a citizen of a

5  state in which he or she is domiciled.  *Kanter v. Warner-Lambert, Co.*, 265 F.3d 853, 857 (9th

6  Cir. 2001).  "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of

7  residency."  *Id.*  "A person residing in a given state is not necessarily domiciled there, and thus is

8  not necessarily a citizen of that state."  *Id.*  Plaintiffs' citizenship is therefore not established by

9  reliance on their place of residence alone.

10          Wells Fargo Bank also based diversity jurisdiction on its own citizenship as a national

11  banking association.  However, Wells Fargo Bank is not a named Defendant.  Plaintiffs named

12  Wells Fargo Home Mortgage, Inc. as a Defendant.  The citizenship of Wells Fargo Home

13  Mortgage, Inc. is not addressed in the notice of removal.

14          Last, Wells Fargo Bank does not address the citizenship of the remaining named

15  Defendant, NDEX West, LLC ("NDEX").  It argues that NDEX' citizenship is irrelevant

16  because NDEX filed a declaration of nonmonetary status in State court.  (Notice at 3.)  No

17  binding authority is cited in support of this argument.  The only citation provided, *Amaro v.*

18  *Option One Mortgage Corp.*, an unpublished District Court opinion, states in the discussion of

19  procedural background that the defendant who had filed the declaration of nonmonetary status in

20  State court did not join in the removal.  2009 WL 103302 *1 (C.D. Cal. Jan. 14, 2009).

21  *Amaro* does not hold that such a defendant's citizenship is irrelevant to the determination of

22  diversity of citizenship.  *See id.*

23          Furthermore, the State statute allowing for declarations of nonmonetary status does not

24  render a defendant a sham defendant or a purely nominal party.  A defendant's declaration of

25  nonmonetary status, which excuses a party from active participation in the case, is not

26  conclusive.  *See* Cal. Civ. Code § 2924l(e).  A timely objection, or even facts which arise during

27  discovery, are allowed to show the defendant was not entitled to nonmonetary status.  *Id.*  In this

28  case, Plaintiffs have filed an objection to NDEX' declaration.  However, even if a defendant's

nonmonetary status declaration remains unchallenged for the duration of the action, the defendant is bound by the nonmonetary terms of the judgment. *Id*. § 2924l(b).  Wells Fargo Bank's argument that NDEX' citizenship is irrelevant to the determination of diversity for purposes of removal jurisdiction is therefore rejected.

Because Wells Fargo Bank is not a named Defendant and because it has failed to establish complete diversity, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego, East County Division.

**IT IS SO ORDERED**.

DATED:  February 14, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

4

11cv185